**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BARBARA L. BRALEY,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV-14-03151-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney David M. Church represents plaintiff (Braley). Special Assistant United States Attorney Catherine Escobar represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court

ORDER

~ 1

**grants** plaintiff's motion for summary judgment, ECF No. 14.

## JURISDICTION

Braley applied for disability insurance benefits (DIB) and supplemental security income disability benefits (SSI) on November 9, 2010, alleging onset beginning March 6, 2007 (Tr. 158-175). The claims were denied initially and on reconsideration  (Tr. 94-100, 106-116). Administrative Law Judge (ALJ) Timothy Mangrum held a hearing July 16, 2012. Braley, represented by counsel, and a vocational expert testified (Tr. 28-49).  On February 14, 2013, the ALJ issued an unfavorable decision (Tr. 12-21). The Appeals Council denied review August 20, 2014, making the ALJ's decision final (Tr. 1-5). On October 10, 2014 Braley filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Braley was 38 years old at onset and 44 at the time of the ALJ's decision.  She has a tenth grade education. She has worked as a traffic flagger, sales clerk and bartender. She cleans, with help, cooks, drives and shops. She is unable to stand longer than 30-45 minutes because of back pain. Braley is unable to use her left hand due to pain and numbness. She is right handed (Tr. 33-40, 44, 194).

ORDER

~ 2

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments,

ORDER
~ 3

the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the

ORDER

~ 4

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### ALJ'S FINDINGS

ALJ Mangrum found Braley has been insured for DIB purposes through September 30, 2010 (Tr. 12, 14).

The ALJ found at step one that Braley worked at SGA levels after onset (Tr. 14, 184-91), but there has been a period of at least twelve continuous months when she did not engage in SGA (Tr. 15). At steps two and three, he found Braley suffers

from mild degenerative disc disorder, an impairment that is severe but does not meet or medically equal a Listed impairment (Tr. 15). The ALJ found Braley less than credible.  He assessed a residual functional capacity (RFC) for a range of light work (Tr. 15-16). At step four, the ALJ found Braley is able to perform her past relevant work as a flagger, sales clerk and bartender (Tr. 18). Alternatively, at step five, the ALJ found Braley can perform other jobs, such as cashier, cleaner/housekeeper and production assembler (Tr. 19-20). Accordingly, the ALJ found Braley is not disabled as defined by the Act  (Tr. 20).

**ISSUES**

Braley alleges the ALJ erred when evaluating the evidence and credibility, and at steps four and five. ECF No. 14 at 4-19. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 15 at 2.

**DISCUSSION**

*A. Credibility*

Braley alleges the ALJ's credibility assessment is not properly supported. ECF No. 14 at 12-16. The Commissioner answers that the ALJ's reasons suffice under any standard of review. ECF No. 15 at 10.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's reasons are not fully supported.

The ALJ notes work and other activities suggest greater functional capacity than Braley has described. He points out she performed household chores, drove herself, shopped, cared for her dog, rode her horse and worked – all after onset (Tr. 16-17, 216-220, 367, 413-14). It may have been reasonable to conclude these activities are inconsistent with the degree of limitation alleged, *see e.g., Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), but the evidence shows these activities changed as Braley's condition appeared to worsen. *See e.g.*, Tr. 413 (riding her horse in November 2011 gave " her a lot of grief").

The ALJ errs when he states medical evidence showed Braley's condition did not significantly worsen during the relevant period. It appears her condition did in fact worsen.

ORDER
~ 8

The ALJ is correct that in March 2007 objective findings were mild. At the same time a provider noted Braley was not wearing a cervical collar as prescribed and an MRI did not provide any basis for her complaints. A March 2007 MRI indicates degenerative changes were minimal to mild. A diffuse disc bulge and mild foraminal narrowing are noted . By May 2007, Braley said she had been helped by physical therapy and was working full time. She was able to lift heavy barrels (Tr. 17, 317, 319, 330-31, ).

She suffered a knee injury on the job in 2008 (Tr. 17, 325). The ALJ is also correct that in October 2010 treating doctor Richard Edgerly, M.D., opined she was able to return to work. A November 2011 neurosurgeon's exam revealed normal strength in all extremities, and all neurological tests were normal. (Tr. 17, 286, 393-94).

However, in December 2011 Gus Varnavas, M.D., reviewed more recent test results. He notes a herniated disc is causing radiculopathy (Tr. 417). Dr. Varnavas indicates nonsurgical treatments failed and opined Braley should undergo a simple anterior cervical discectomy and fusion to correct her spinal problems (Tr. 409-419). The ALJ does not mention a July 2010 MRI or this opinion.

There are two remedies when the ALJ fails to provide adequate reasons for rejecting the uncontradicted opinion of a treating or examining doctor. The general rule, found in the *Lester* line of cases is that "we credit that opinion as a matter of

ORDER
~ 9

1  law." *Lester v. Chater*, 81 F.3d 821, 843 (9th Cir. 1995 ); *Pitzer v. Sullivan,* 908 F.2d
2  502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).
3  Under the alternate approach found in *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th
4  Cir. 19891), a court may remand to allow the ALJ to provide the requisite specific
5  and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*,
6  379 F.3d 587, 594 (9th Cir. 2004)(court has flexibility in crediting testimony if
7  substantial questions remain as to a claimant's credibility and other issues). Where
8  evidence has been identified that may be a basis for a finding, but the findings are
9  not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13,
10 15 (9th Cir. 1990)(citing *McAllister*); *Gonzales v. Sullivan*, 914 F.2d 1197, 1202 (9th
11 Cir. 1990).

12     The ALJ's credibility assessment is unsupported by the evidence because
13 objective evidence shows Braley's condition worsened and conservative treatment
14 ultimately failed, consistent with Braley's complaints. The ALJ failed to discuss
15 these records. The error is harmful.

16     *B. Medical evidence*

17     Braley alleges the ALJ should have found mental impairments severe at step
18 two. ECF No. 14 at 4-9; 16 at 2-5. The Commissioner responds that error if any was
19 harmless. ECF No. 15 at 5-9.

20     Because the case must be remanded for a new credibility assessment and

ORDER

~ 10

consideration of Dr. Varnavas' opinion, on remand the ALJ must consider the opinions of Drs. Forsyth and Pierce, and indicate the reasons for the weight given the opinions. In addition, the updated opinion of Dr. Edgerly, unavailable to the ALJ but considered by the Appeals Council, should also be considered. It may be helpful to obtain the assistance of a medical and/or psychological expert.

*C. Mental RFC and step five*

Braley alleges the ALJ's residual functional capacity assessment is in error because he failed to include limitations assessed by Dr. Forsyth. ECF No. 14 at 4-9, ECF No. 16 at 8. As noted, the opinions of Drs. Forsyth and Pierce, and Dr. Edgerly's updated opinion, must be considered on remand.

The Court is unable to determine on this record the date of onset and whether Braley suffered severe limitations lasting the requisite twelve months. On remand the ALJ will make this determination.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court expresses no opinion as to what the ultimate outcome on remand will or should be.

The ALJ's determinations are not supported by the record and contain harmful legal error.

ORDER

~ 11

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial evidence and contains harmful legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment, **ECF No. 14**, is **granted.**

2. Defendant's motion for summary judgment, ECF No. 15, is denied.

3. The case is reversed and remanded pursuant to U.S.C § , sentence four.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff and **CLOSE** the file.

DATED this 24th day of June, 2015.

<u>*S/ James P. Hutton*</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 12